UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MIGUEL ELISEO DE LA CRUZ CAVINAL,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; RODNEY S. SCOTT, Commissioner, United States Customs and Border Protection; GREGORY J. ARCHAMBEAULT, in his official capacity as Acting Field Office Director for San Diego, U.S. Immigration and Customs Enforcement; DOUG GLEN, Special Agent in Charge for San Diego, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; JEREMY CASEY, in his official capacity as Warden of Imperial Regional Detention Facility,

Respondents.

Case No.: 3:26-cv-05549-LEK-BJW

**ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

Before this Court is Miguel Eliseo De La Cruz Cavinal's ("Petitioner") Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), filed on September 28, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Markwayne Mullin, Secretary, United States Department of Homeland Security ("DHS"); Rodney S. Scott, Commissioner, United States Customs and Border Protection; Gregory J. Archambeault, in his official capacity as Acting Field Office Director for San

Diego, U.S. Immigration and Customs Enforcement ("ICE"); Doug Glen, Special Agent in Charge for San Diego, Homeland Security Investigations, ICE; and Jeremy Casey, in his official capacity as Warden of Imperial Regional Detention Facility (collectively "Respondents"), filed a response to the Petition ("Response") on October 5, 2026. [Dkt. no. 5.] Also on October 5, 2026, Petitioner filed a reply in support of the Petition ("Reply"). [Dkt. no. 6.]

## BACKGROUND

Petitioner, a native and citizen of Guatemala, entered the United States in 2010. See Petition at ¶¶ 45, 53. He asserts that he has resided in the United States since his entrance and that, during those sixteen years, he has developed substantial employment relationships. See id. at ¶¶ 53-54. He also asserts that he has no criminal convictions. See id. at ¶ 56. Petitioner asserts he is married to a lawful permanent resident and has three children who are citizens of the United States.[1] See id. at ¶ 138.

On August 13, 2026, ICE Enforcement and Removal Operations ("ERO") Washington Fugitive Operations officers conducted a record check on a Nissan Altima with a Maryland license plate. The record check indicated that the individual to whom the Nissan Altima was registered did not enter the United States legally and did not have legal immigration status. Later that same day, during a vehicle stop in or near Hyattsville, Maryland, Petitioner and another individual allegedly attempted to flee on foot from the immigration officers. Petitioner and the other individual were detained, and Petitioner was transferred to an ICE ERO office for processing. See Response, Exh. 1 (Form I-213)

---

[1] The Form I-213 indicates that Petitioner stated to immigration officers that he is not married and has no children. See Response, Exh. 1 (DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 8/30/26 ("Form I-213")) at 3. This Court declines to resolve this factual dispute in favor of either party because resolution of the dispute would not affect the ruling in the instant Order.

at 2-3.[2] Petitioner asserts that the officer who arrested him lacked sufficient information to conclude that he was likely to escape before the officer could obtain a warrant for his arrest. See Petition at ¶¶ 67-72.

On September 23, 2026, an immigration judge ("IJ") denied Petitioner's request for release on bond and request for change in custody status after determining that Petitioner was a flight risk. See Response, Exh. 2 at PageID.61-62 (Order of the Immigration Judge, dated 9/23/26 ("9/23 IJ Order")). Petitioner's deadline to appeal the 9/23 IJ Order to the Board of Immigration Appeals ("BIA") was October 23, 2026. [Id. at PageID.62.] As of the filing of the Petition, Petitioner was detained at the Imperial Regional Detention Facility in California. See Petition at ¶ 45.

Petitioner's primary argument is that he was illegally detained in violation of Title 8 United States Code Section 1357(a)(2), Title 8 Code of Federal Regulations Section 287.8(c)(2), and his due process rights. See id. at pgs. 17-23. He also argues his continued detention is unlawful, in that the bond hearing preceding the 9/23 IJ Order violated Title 8 United States Code Section 1226(a) and the Fifth Amendment. See id. at pgs. 23-29.[3] Petitioner also asserts that his continued detention is arbitrary and excessive and is therefore unconstitutional. See id. at pgs. 29-30. Petitioner alleges he is entitled to,

---

[2] The officer who prepared the Form I-213, Deportation Officer [first name redacted] Guardado ("Guardado"), "was not involved in the arrest and was assigned to process the arrest." [Response, Exh. 1 (Form I-213) at 2.] Guardado represents that the information contained in the Form I-213 "was reported by the arresting officer(s) and record checks." [Id.]

[3] Petitioner also alleges that "the bond hearing did not satisfy the legal standard required by . . . the first federal judgment." [Petition at ¶ 165.] Petitioner, however, does not explain what he means by "the first federal judgment," and this Court, after having reviewed the record and the parties' memoranda, is unable to construe Petitioner's argument as it concerns this alleged judgment. The instant Order therefore does not address any argument related to the first federal judgment.

*inter alia*, immediate release. See id. at pg. 37; see also id. at pgs. 30-34. Petitioner also requests that Respondents be compelled to preserve and file evidence related to Petitioner's arrest. See id. at pg. 38.

Respondents acknowledge that the Ninth Circuit Court of Appeals recently "held and clarified that unadmitted aliens present in the interior of the United States are subject to 8 U.S.C. § 1226 and not subject to 8 U.S.C. § 1225." See Response at 1; see also Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Respondents therefore admit that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." [Response at 2.] Respondents also admit that "Petitioner also appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz[.]" Id. at 2 n.1; see also Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1124 (C.D. Cal. 2025).[4] Respondents nevertheless urge this Court to deny the Petition as moot. They argue that there is no case or controversy for this Court to resolve because Petitioner has already received a bond hearing under Section 1226(a). See Response at 2-3. They also argue that Petitioner should be required to exhaust his administrative remedies before the BIA before this Court issues any relief. See id. at 3. Finally, with respect to Petitioner's argument that he is entitled to immediate release because he was detained without a warrant, Respondents argue that Petitioner was issued an administrative warrant on August 30, 2026. See id.; see also Response, Exh. 3 (DHS Warrant for Arrest of Alien, Form I-200, dated 8/30/26 ("Form I-200")).

---

[4] This Court notes that, on March 6, 2026, the Ninth Circuit administratively stayed the Maldonado Bautista decision "insofar as the district court's judgment extends beyond the Central District of California." Maldonado Bautista et al. v. U.S. Dep't of Homeland Sec. et al., No. 26-1044, Order, filed 3/6/26 (dkt. no. 5), at 1. Therefore, this Court resolves the instant Petition without reliance on Maldonado Bautista.

## STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his or her confinement pursuant to Title 28 United States Code Section 2241. See 28 U.S.C. § 2241(a); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. See 8 U.S.C. § 1252(a)(1), (5); see also Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process - for example, a claim of indefinite detention - federal habeas corpus jurisdiction remains in the district court. See Alvarez v. Sessions, 338 F. Supp. 3d 1042, 1047-48 (N.D. Cal. 2018) (citations omitted); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006).[5]

## DISCUSSION

The Petition challenges both the manner in which Petitioner was taken into custody on August 13, 2026 and the bond proceeding that followed. Because this Court concludes that Petitioner's initial detention was unlawful and that release is the only adequate remedy, this Court does not reach Petitioner's challenge to the 9/23 IJ Order and the related bond hearing proceedings.

### I. Framework Governing Petitioner's Detention

The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment - from government custody, detention, or other

---

[5] Nadarajah was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018), as recognized by Esquivel-Ipina v. LaRose, 812 F. Supp. 3d 1073, 1077 (S.D. Cal. 2025).

forms of physical restraint - lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citation omitted). This protection applies to noncitizens as it does to United States citizens. See Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty or property without due process of law.").

There is no dispute that Petitioner's detention is governed by Title 8 United States Code Section 1226(a). See Response at 2. Section 1226(a) provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Title 8 United States Code Section 1357(a)(2), in turn, provides that an immigration officer may

> arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service[[6]] having authority to examine aliens as to their right to enter or remain in the United States.

Section 1357(a)(2)'s "'reason to believe' requirement is the equivalent of 'the constitutional requirement of probable cause.'" M-J-M-A- v. Hermosillo, 822 F. Supp. 3d

---

[6] "The term 'Service' means the Immigration and Naturalization Service of the Department of Justice [('INS')]." 8 U.S.C. § 1101(34). The INS "was dissolved in 2002 by the Homeland Security Act, Pub. L. No. 107-296 § 101(a) (2002). Under the Act, most of the INS's functions were transferred to various components of the newly constituted Department of Homeland Security[.]" Al Mutarreb v. Holder, 561 F.3d 1023, 1024 n.1 (9th Cir. 2009).

1147, 1172 (D. Or. 2026) (quoting Tejeda-Mata v. Immigr. Naturalization Serv., 626 F.2d 721, 725 (9th Cir. 1980)).

> Under 8 C.F.R. § 287.3(c)-(d), following a warrantless arrest an officer must promptly advise the individual of the reasons for arrest and of the right to representation. Within 48 hours, the government must determine whether the person will remain in custody or be released on bond, and whether a Notice to Appear and warrant of arrest will issue. Id. § 287.3(d). Only in the event of an "emergency or other extraordinary circumstance" may that determination be delayed, and then only "within an additional reasonable period of time." Id.
>
> Few courts have interpreted what constitutes an "additional reasonable period of time" under Section 287.3. In Turkmen v. Ashcroft, noncitizen detainees arrested in the wake of the September 11, 2001 attacks alleged that delayed service of Notices to Appear violated their due process rights. No. 02-CV-2307 (JG), 2006 WL 1662663, at *1, *45 (E.D.N.Y. June 14, 2006), *aff'd in part, vacated in part, and remanded*, 589 F.3d 542 (2d Cir. 2009). After their respective arrests, two plaintiffs were not served with Notices to Appear for sixteen days, one for seven days, and another for five days. Id. at *45. The district court rejected their claim, holding that the September 11 attacks qualified as an "extraordinary circumstance" and that delays of several days were reasonable in that context. Id. at *45. The court cautioned, however, that "[t]here is no doubt that at some point after arrest, an alien's due process rights would be violated if he were detained without being served a Notice to Appear." Id. at *46 (emphasis omitted).

Marin v. Noem, Case No. 2:25-cv-09343-CV (SSCx), 2025 WL 3158094, at *3 (C.D. Cal. Oct. 4, 2025) (alteration in Marin).

## II. Petitioner's Detention

It is undisputed that Petitioner was detained without a warrant. Petitioner was issued an administrative warrant on August 30, 2026, see Response, Exh. 3 (Form I-200), seventeen days after his detention on August 13, 2026, see id., Exh. 1 (Form I-213) at 2-3. Petitioner's detention was therefore lawful at its inception only if the arresting officer had reason to believe that Petitioner was present in the United States in

violation of the immigration laws **and** was likely to escape before a warrant could be obtained. See 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(ii).

In the instant action, the only information before this Court concerning Petitioner's arrest is the Form I-213. Guardado, however, was not present at the time that the ERO officers made an individualized assessment that Petitioner was present in the United States in violation of any law or regulation. See Response, Exh. 1 (Form I-213) at 2. Respondents submit no testimony or documentation from the arresting officer who purportedly made the individualized assessment. Although Guardado recounts that Petitioner "admitted to being a citizen of a foreign country" and to "being present in the United States without having legal documentation regarding a visa or immigration benefit," [id.,] Petitioner asserts that "he declined to answer a citizenship question," Reply at PageID.70; see also Petition at ¶ 96 (asserting that Petitioner declined to answer questions concerning his citizenship). This Court finds that Guardado's account of Petitioner's arrest is not based on personal knowledge and is not credible. See A.B.D. v. Wamsley, Civ. No. 6:25-cv-02014-AA, 2026 WL 178306, at *12 (D. Or. Jan. 22, 2026) (finding that testimony from an immigration officer was not based on personal knowledge and was not credible); cf. United Farm Workers v. Noem, 829 F. Supp. 3d 801, 842 (E.D. Cal. 2026) (rejecting, in the context of a motion to enforce a preliminary injunction, the proposition that "the disputed content of [Form] I-213s is entitled to any form of presumption of correctness").

For the same reasons, this Court finds that Guardado's account that Petitioner "attempted to flee on foot" during the ERO vehicle stop, see Response, Exh. 1 (Form I-213) at 2, is not credible. It defies common sense that Petitioner and the registered owner of the Nissan Altima would stop the vehicle during the vehicle stop but then proceed to flee on foot from the ERO officers. Indeed, if Petitioner did attempt to flee from the officers, Respondents presumably could have filed evidence collected on the arresting officer's body-worn cameras, see id. at 1 (noting body-worn camera footage

was recorded during the encounter), or, at the least, declarations to that effect from the arresting officer. Respondents, however, chose to rely exclusively on a secondhand account from Guardado, which this Court determines is insufficient to establish that Petitioner presented a risk of flight when he was arrested. See Souza v. Wesling, Civil Action No. 26-13761-BEM, 2026 WL 2676623, at *4 (D. Mass. Sept. 11, 2026) ("conclud[ing] that, as a matter of law, a rebutted, uncorroborated Form I-213 is insufficient to support a flight risk finding by a preponderance of the evidence" (citations omitted)).

On the contrary, the Petition supports the inference that Petitioner was not likely to escape. Petitioner has lived in the United States for at least sixteen years and has a fixed address. See Petition at ¶ 11. Petitioner is also employed as a foreman and has a history of gainful employment. See id. at ¶¶ 54, 139. The immigration officers' belief that Petitioner was present in the United States unlawfully does not, in and of itself, result in an assumption that Petitioner was likely to escape before a warrant could be obtained. See A.B.D., 2026 WL 178306, at *12 ("Nor can it be the case that, simply by being potentially removable, an alien must be deemed to be likely to evade detention by ICE. Such a reading would render the limitations on warrantless arrest created by . . . § 1357(a)(2) meaningless." (alteration in A.B.D.) (quotation marks and citation omitted)). Accordingly, this Court concludes that Petitioner's detention without a warrant violated Section 1357(a)(2).

Petitioner has already received a bond hearing, and the IJ has concluded that Petitioner should remain detained. See Response, Exh. 2 (9/23 IJ Order). That proceeding, however, addressed whether Petitioner's continued detention was warranted, not whether Petitioner was lawfully detained in the first instance. Although a post-deprivation hearing may determine whether continued detention is presently justified, "a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty." See E.A. T.-B. v.

Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (citation omitted). Neither the bond hearing that Petitioner has received nor any further bond hearing would remedy the statutory violation that Petitioner has already experienced. Only release from detention can accomplish that now.[7] See Gomez v. Wofford, Case No. 1:26-cv-05299 (VC), 2026 WL 2065708, at *2-3 (E.D. Cal. July 16, 2026) (ordering that the petitioner be immediately released because the petitioner's detention was governed by Section 1226 and no exceptions for a warrantless arrest under Section 1357(a)(2) applied).

Petitioner has also requested that this Court order Respondents to preserve and file evidence related to his arrest. See Petition at pg. 38. In light of this Court's determination that Petitioner is entitled to release, this Court denies this request as moot.

## CONCLUSION

For the foregoing reasons, Petitioner Miguel Eliseo De La Cruz Cavinal's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed September 28, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to present Petitioner with the following options for his release: 1) immediate release in this District, no later than **twenty-four hours** after the filing of this Order; or 2) release in or near Hyattsville, Maryland by **November 12, 2026.**

If Respondents seeks to re-detain Petitioner, they must provide no less than seven days' notice and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to Section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

---

[7] In light of this Court's determination that Petitioner is entitled to immediate release because of the violation of Section 1357(a)(2) and Section 287.8(c)(2), this Court need not address the other claims in the Petition. See Petition at pgs. 21-30.

The Petition is DENIED AS MOOT as to Petitioner's request that Respondents be compelled to preserve and file evidence related to his arrest.

The Clerk's Office is DIRECTED to enter judgment and close this case on **November 18, 2026**, unless Petitioner files a notice informing this Court that Respondents failed to comply with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 4, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**<u>MIGUEL ELISEO DE LA CRUZ CAVINAL VS. MARKWAYNE MULLIN ET AL.</u>; CASE NO. 3:26-CV-05549-LEK-BJW; ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**